## Fenwick *v.* The State of Ohio.

*Criminal law—Imprisonment in Ohio Reformatory for Women, constitutional—Sections 2148-1 and 2148-7, General Code—Indeterminate sentence for misdemeanor or delinquency, unconstitutional—Section 2148-9, General Code—Assault and battery—Maximum sentence fixed by Section 12423, General Code—Sentence to Reformatory for Women cannot exceed six months.*

1. Sections 2148-1 and 2148-7, General Code, providing that the Ohio Reformatory for Women shall be used for the detention of all females over sixteen years of age convicted of a felony, misdemeanor or delinquency, are constitutional in so far as they relate to a separate place of imprisonment for women.

2. Said sections, and also Section 2148-9, General Code, which provides for indeterminate sentences with a maximum of three years for a misdemeanor or delinquency, are unconstitutional to the extent of the term of commitment.

3. In a conviction for assault and battery, Section 12423, General Code, fixes as the maximum sentence a fine of two hundred dollars and imprisonment for six months in the county jail or workhouse. A statute fixing the length of sentence for a woman in excess of the general statute is an unlawful discrimination and is therefore invalid as to such excess.

4. A female convicted of assault and battery may be lawfully sentenced to the Ohio Reformatory for Women, but such sentence shall be definitely limited to a term not exceeding six months.

(Decided September 21, 1923.)

Error: Court of Appeals for Darke county.

*Messrs. Mannix, Crawford & Billingsley,* for plaintiff in error.

*Mr. Orel J. Myers,* prosecuting attorney, for defendant in error.

KUNKLE, J. Plaintiff in error, a female over sixteen years of age, was indicted on a charge of shooting with intent to kill. Upon trial of the case in the Court of Common Pleas she was found guilty of assault and battery. The court overruled the motion for a new trial and sentenced plaintiff in error for an indeterminate period of not more than three years at the reformatory for women at Marysville, Ohio, and further ordered her to pay a fine of two hundred dollars. From such judgment of the Court of Common Pleas, error is prosecuted to this court.

Various errors are assigned in the petition in error, and urged by counsel for plaintiff in error in their brief.

We have carefully considered all of the alleged errors which are claimed to have occurred during the trial of the case, and which are pressed by counsel for plaintiff in error, but find no prejudicial error in the rulings of the trial court occurring during the trial of the case.

A serious question, however, is presented by the record, relating to the validity of the sentence which was imposed by the trial court.

Plaintiff in error, having been found guilty only of assault and battery, claims that the sentence should have been imposed under Section 12423, General Code, which reads as follows:

"Whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, shall be fined not more than

two hundred dollars or imprisoned not more than six months, or both.''

This section has been in force for a number of years.

The court of common pleas justified its sentence under Sections 2148-1, 2148-7 and 2148-9, General Code.

Sections 2148-1 and 2148-7 were enacted in 1915 (106 O. L., 130), and are as follows:

''Sec. 2148-1. The Ohio reformatory for women shall be used for the detention of all females over sixteen years of age, convicted of a felony, misdemeanor, or delinquency as hereinafter provided, and for the detention of such female prisoners as shall be transferred thereto from the Ohio penitentiary and the girls' industrial school as hereinafter provided.

''Sec. 2148-7. After the issuance of the first proclamation hereinbefore referred to, it shall be unlawful to sentence any female convicted of a felony to be confined in either the Ohio penitentiary or a jail, workhouse, house of correction or other correctional or penal institution, and after the issuance of the second proclamation it shall be unlawful to sentence any female convicted of a misdemeanor or delinquency to be confined in any such place, except in both cases the reformatory herein provided for, the girls' industrial school or other institution for juvenile delinquency, unless such person is over sixteen years of age and has been sentenced for less than thirty days, or is remanded to jail in default of payment of either fine or costs or both, which will cause imprisonment for less than thirty days, provided that this

section shall not apply to imprisonment for contempt of court.''

Section 2148-9 was enacted in 1913 (103 O. L., 672), and reads as follows:

''All provisions of law relating to suspension of sentences of persons sentenced to confinement in the Ohio penitentiary and the Ohio state reformatory shall be applicable to persons sentenced to the Ohio reformatory for women.

''Courts imposing sentences to the Ohio reformatory for women shall make them general, and not fixed or limited in their duration. The term of imprisonment of persons shall be terminated by the Ohio board of administration as authorized by this act, but the term of such imprisonment for felony shall not exceed the maximum term nor be less than the minimum term provided by law for the crime for which such person is sentenced. In case of commitments for misdemeanor or delinquency the term of such imprisonment shall not be more than three years, but such person shall be eligible for parole as follows: Persons committed for the first time, after imprisonment for two months; for second time, after four months; for third or greater time, after six months; and provided that they shall be continued upon parole for at least one year before receiving final discharge.

''If, through oversight or otherwise, a sentence to said reformatory should be for a definite period, it shall not for that reason be void, but the person so sentenced shall receive the benefits and be subject to the liabilities of this act in the same manner as if she had been sentenced in the manner required by law. In such case the Ohio board

of administration shall deliver to each person a copy of this act and written information of her relations to them.''

Briefly stated, these sections of the code provide for the imprisonment of all females convicted of misdemeanors, as well as felonies, in the Ohio Reformatory for Women, and prohibit the sentencing of a female to any other institution.

The maximum sentence of imprisonment provided in such sections of the code for a misdemeanor is three years, and a minimum sentence is also provided.

Sections 2148-1, 2148-7 and 2148-9 were enacted long subsequent to the enactment of Section 12423, General Code, and the prosecuting attorney claims that Section 12423 is repealed by implication as to females, and that the provisions of Sections 2148-1, 2148-7 and 2148-9, subsequently enacted, control. This presents an interesting and important question.

It is admitted that a male person convicted of assault and battery can be imprisoned in a county jail or workhouse under a fixed sentence not to exceed six months, and fined a sum not exceeding two hundred dollars and costs, but it is claimed by the state that a female over sixteen years of age, convicted of the same offense, can be legally imprisoned in the state reformatory for women for an indeterminate period of not to exceed a maximum term of three years, and be fined a sum not exceeding two hundred dollars and costs.

We have carefully considered the authorities cited by counsel and cannot escape the conclusion that such construction of these sections of the code would result in an unjust and unlawful dis-

crimination against females. We admit that the law would justify a different place for the imprisonment of women from that provided for the imprisonment of men. The reason for a separate place of imprisonment is obvious. We, however, cannot conceive of any just reason for the confinement of females for an indeterminate period, which might possibly extend for a period of three years, against a definite period for males, which cannot extend for a period of more than six months, for the commission of the same offense.

If it were necessary, this court would not hesitate to hold Sections 2148-7 and 2148-9 unconstitutional in so far as they relate to misdemeanors, because of their unjust discrimination against women.

We, however, do not find it necessary to so hold in the present case. It is a well-established rule of statutory construction that, when possible, statutes shall be so construed as to hold them constitutional. Section 12423 relates solely to assault and battery and has not been expressly repealed or amended.

We have a right to infer, therefore, that the Legislature, by the enactment of Sections 2148-1, 2148-7 and 2148-9 did not intend to repeal or amend such assault and battery statute, and we therefore hold that the assault and battery provision found in Section 12423, General Code, still remains in force and applies both to men and women.

The sentence of the Court of Common Pleas, therefore, is illegal and should be reversed, vacated and set aside. The sentence of the trial court will, therefore, be reversed, and the cause

remanded with instructions to resentence the plaintiff in error, under Section 12423, General Code, to imprisonment in the Reformatory for Women at Marysville for a period not exceeding six months, to a fine of not more than two hundred dollars, or both.

*Judgment reversed, and cause remanded.*

ALLREAD and FERNEDING, JJ., concur.